# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                      Case No. 05-CR-12

**PAUL ORMSON**
       **Defendant.**

## SENTENCING MEMORANDUM

Defendant Paul Ormson pleaded guilty to participation in a mail fraud scheme. 18 U.S.C. § 1341. The scheme arose out of his unsuccessful bid for re-election as mayor of Elkhorn, Wisconsin, and involved his receipt of thousands of dollars of illegal campaign contributions from two construction companies, which approved of his "pro-development" policies.

The probation office prepared a pre-sentence report ("PSR"), which calculated defendant's offense level as 13 (base level 7, U.S.S.G. § 2C1.2 (2001), plus 8 because defendant was an elected official, § 2C1.2(b)(2)(B), minus 2 for acceptance of responsibility, § 3E1.1)[1] and his criminal history category as I, producing an imprisonment range of 12-18 months under the advisory sentencing guidelines. However, the parties jointly recommended a non-guideline sentence of one year probation with four months community confinement and a $10,000 fine. Because I agreed that this sentence was sufficient under 18 U.S.C. § 3553(a), I followed the recommendation.

---

[1] Because the offense ended in August 2002, the PSR used the 2001 version of the guidelines to avoid ex post facto issues. See U.S.S.G. § 1B1.11(b).

## I. SENTENCING FACTORS

In imposing sentence, I consider the factors set forth in § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

My ultimate task is, after considering all of the above circumstances, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2).

## II. DISCUSSION

**A. Nature of Offense**

Defendant illegally received thousands of dollars from two construction companies to assist his mayoral campaign. One of the builders, Mann Brothers, twice paid defendant $3750 for consulting work defendant did not do, which defendant placed in his campaign

account and later used to pay for a public relations firm. Mann also directly paid the PR firm a total of about $16,000 for work done on defendant's campaign. Further, Robert Brownell, a rogue employee of the other builder involved in the scheme, approved inflated payments to the PR firm for work it did for his employer, Bielinski Brothers, to compensate the firm for work performed on defendant's campaign. Finally, defendant received about $3000 in cash from Mann, which he deposited into his campaign account. In all, defendant benefitted from more than $25,000 in undisclosed payments for his campaign. Records show that defendant's opponent spent less than $1000 but won anyway.

Although the offense did not cause a direct financial loss to any victim, it was nevertheless a very serious crime that displayed disrespect for campaign finance laws and cheated the citizens of Elkhorn out of a fair election contested by an honest office holder and candidate. It was perhaps a mitigating factor that Mann and Brownell came up with the scheme, but defendant was certainly willing to go along. No doubt Mann and Brownell hoped for some reward if defendant had been re-elected.

**B.     Character of Defendant**

Defendant was 60 years old, a veteran of the Army and graduate of UW - Whitewater with bachelor's and master's degrees. He worked as a middle school science teacher for over 30 years, at one point winning a state award for science teacher of the year. During that time he also worked a secondary job at Gateway Technical College as a supervisor. Following his retirement from teaching, he worked part-time as a driver. Defendant also served as mayor of Elkhorn from 1990 to 2002 and before that was an alderman for two years.

Married for nearly 40 years, defendant was the father of two adult daughters, both college graduates, and was involved in his church. He had no prior record. The court received letters from his sister, pastor, a co-worker and several friends attesting to his good character. He also made efforts to cooperate with the government in its investigation of this and related matters.

**C.     Purposes of Sentencing**

There was no indication that defendant was dangerous or a risk of recidivism. However, I believed that there was a need for some form of confinement to promote respect for law and deter others. This was a very serious crime, which breeds cynicism in our political process.

Defendant did not appear to have any substance abuse or other treatment needs. He had a pacemaker and recently broke his leg, however, I did not believe that those conditions were such that I needed to tailor the sentence around them.

**D.     Consideration of Guidelines**

The guidelines called for a term of 12-18 months. I concluded that a sentence within the range was somewhat greater than necessary to satisfy the purposes of sentencing. Defendant had an outstanding work record, a history of community involvement, and a solid family life, which the guidelines did not take into account. His good service to thousands of students at his school and young people at his church merited some consideration. I further found that, given the low risk of recidivism, a sentence within the range was greater than necessary to satisfy all of the purposes of

sentencing. Finally, I considered defendant's efforts to cooperate and the joint recommendation of the parties for a sentence below the range.

I concluded that these factors warranted imposition of a sentence that was effectively 4 levels lower. Consistent with that determination, I found that a sentence of probation with a condition of community correctional confinement was appropriate. Some confinement was necessary to recognize the seriousness of the offense, promote respect for the law and deter others. Given the positives in defendant's character, a term of 4 months community confinement was sufficient but not greater than necessary. Given the low risk of recidivism and defendant's lack of correctional treatment needs, a probationary term of one year was sufficient.

### III. CONCLUSION

Therefore, I placed defendant on probation for a period of one year. Based on his financial situation, I determined that defendant had the ability to pay a fine within the range, and that a fine was necessary to satisfy the purposes of sentencing and in particular just punishment. Since it appeared that defendant directly received about $10,000, I found that figure an appropriate measure of the fine. There was no restitution due, he had no dependents, and this amount did not impose an undue burden. Finally, as a condition of probation, I ordered defendant to reside in a community correctional facility, with work release privileges, for a period of 4 months, and that he observe the rules and regulations of that facility. Other conditions appear in the judgment.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

5

Case 2:05-cr-00012-LA   Filed 05/08/06   Page 5 of 5   Document 33